**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4794**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHARLES TYRONE BLACKSHEAR,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:03-cr-00215-FDW)

———————

Submitted:  March 7, 2008          Decided:  April 10, 2008

———————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Tyrone Blackshear appeals the 322-month sentence imposed after he pled guilty to three counts of possession with intent to distribute an unspecified quantity of cocaine base, and one count of possession with intent to distribute a detectable amount of cocaine and fifty grams of cocaine base, all in violation of 21 U.S.C. § 841(a)(1) (2000) (Counts One through Four), one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) (Count Five), and one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000) (Count Six). We conclude that the district court did not abuse its discretion in sentencing Blackshear and affirm.

In the presentence report (PSR), the probation officer recommended a base offense level of thirty-two for the drug counts pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(4) (2005). The Guidelines term on Count Five was the statutory minimum of sixty months consecutive, pursuant to USSG § 2K2.4. The base offense level for Count Six was twenty-four pursuant to USSG § 2K2.1(a)(2), but the cross-reference to USSG § 2D1.1 applied, so the base offense level became thirty-two. Blackshear's prior convictions qualified him for sentencing as a career offender, and mandated an offense level of thirty-seven. After a three-level

- 2 -

reduction for acceptance of responsibility, Blackshear's total offense level for Counts One through Four and Six was thirty-four.

Because he was a career offender, Blackshear was in criminal history category VI. Offense level thirty-four and criminal history category VI yielded a sentencing range of 262 to 327 months for Counts One through Four and Six, plus a consecutive sixty months on Count Five, for a total Guidelines range of 322 to 387 months. Because Count Four involved fifty grams of cocaine base, and the Government filed a 21 U.S.C. § 851 (2000) information establishing two prior felony drug convictions, Blackshear was subject to a statutory mandatory sentence of life imprisonment, plus five years consecutive on Count Five.

Prior to sentencing, the Government moved for a downward departure pursuant to USSG § 5K1.1 and 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2007). The Government requested a sentence of 262 months on the drug counts and a consecutive sixty months on Count Five, for a total of 322 months of imprisonment. Blackshear did not object to the PSR, which the court adopted without change. The court accepted the Government's motion for a departure. Blackshear's counsel stated that he accepted the Government's motion as to the Guidelines, then argued for a variance below the sentence recommended by the Government in the departure motion. The district court noted the advisory Guidelines and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors and sentenced

Blackshear to 322 months of imprisonment, ten years of supervised release, and a $600 special assessment.

On appeal, Blackshear argues that the district court failed to make proper findings regarding the § 3553(a) factors and the factors supporting a departure under § 5K1.1 and § 3553(e), and that the court erred in failing to consider a lesser sentence based on the crack-to-powder cocaine disparity, anticipating the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). We review a district court's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). In this case, the district court explicitly treated the Guidelines as advisory, and sentenced Blackshear only after considering the Sentencing Guidelines, the § 3553(a) factors, the Government's departure motion, and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Our review of the record leads us to conclude that the district court properly considered the sentencing factors, and did not abuse its discretion in concluding that the sentence recommended by the Government was appropriate.

The Supreme Court recently decided, in Kimbrough, that "it would not be an abuse of discretion for a district court to

conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 128 S. Ct. at 575. We conclude, however, that <u>Kimbrough</u> is of no assistance to Blackshear because his ultimate Guidelines range was not determined based on drug quantity, but on his status as a career offender. Accordingly, the district court did not err in failing to consider the crack-to-powder cocaine disparity as a basis for imposing a lower sentence.

We therefore affirm Blackshear's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>