**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4886**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES TYRONE BLACKSHEAR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:03-cr-00215-FDW-DCK-1)

_____

Submitted:  September 22, 2011        Decided:  October 14, 2011

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Tyrone Blackshear appeals a district court's amended judgment granting his motion to modify his sentence based on errors in the determination of his Sentencing Guidelines sentence and resentencing him to a lower sentence. On appeal, Blackshear claims the case should be dismissed and his judgment vacated based on prosecutorial misconduct, ineffective assistance of counsel and judicial misconduct. We find that Blackshear's claim that he suffered from a miscarriage of justice is without merit and we find no reason to vacate the amended judgment or to dismiss the charges. Blackshear also claims that he is entitled to relief because the Government's notice under 18 U.S.C. § 851(a) (2006) stating that Blackshear was eligible for an increased statutory sentence was defective. We affirm.

In November 2003, Blackshear pled guilty without a plea agreement to three counts of possessing with intent to distribute an unknown quantity of crack cocaine (Counts One, Two and Three), one count of possessing with intent to distribute an unknown quantity of cocaine and fifty grams of cocaine base (Count Four), one count of using and carrying a firearm in relation to a drug trafficking crime (Count Five) and one count of possession of a firearm by a convicted felon (Count Six). The Government notified Blackshear under 21 U.S.C. § 851 (2006),

2

that he was exposed to a statutory maximum sentence of life for Count Four based upon two prior drug convictions. Blackshear ultimately received a sentence below the statutory life sentence because the Government filed a motion under U.S. Sentencing Guidelines § 5K1.1 noting his substantial assistance. This court affirmed Blackshear's sentence. See United States v. Blackshear, No. 07-4794, 2008 WL 1697235 (4th Cir. Apr. 10, 2008) (unpublished).

Blackshear filed a motion in the district court to modify his sentence based on errors in the determination of his Guidelines sentence. The alleged errors were not raised at his sentencing hearing or on appeal. The district court ordered that a revised presentencing investigation report be prepared taking into consideration one of the alleged errors. A resentencing hearing was held between September 8, 2009 and September 10, 2009, at which Blackshear raised issues not raised in his motion to modify his sentence. The Government renewed its request for a sentence below the statutory minimum based on Blackshear's substantial assistance. While the court addressed the merits of Blackshear's issues, it acknowledged the issues were waived because Blackshear did not raise the issues at his initial sentencing. Blackshear was resentenced to a term of imprisonment far below what he received at his initial sentencing.

We take note that the district court was without authority to resentence Blackshear based on the motion to modify the sentence. The district court's authority to modify a sentence is limited and "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Under 18 U.S.C. § 3582(c) (2006), a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so. However, we will not disturb the court's resentencing decision because it was not challenged by the Government. See Greenlaw v. United States, 554 U.S. 237, 244-45 (2008).

Blackshear claims that the Government's § 851 notice was defective. He did not raise this issue at his initial sentence or on appeal. Accordingly, review is for plain error. See United States v. Massenberg, 564 F.3d 337, 341-42 (4th Cir. 2009) (failure to raise issue at sentencing is reviewed for plain error). In order to satisfy the plain error standard Blackshear must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). The decision to correct the error lies within this court's discretion, which

4

should be exercised "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Massenberg, 564 F.3d at 343 (internal quotation marks omitted).

Under this court's recent opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Government's § 851 notice, if issued today, may be defective. We note, however, that at the time it was issued and at Blackshear's resentencing, the notice was proper and effective under this court's case law. As a result of Simmons and Blackshear's assertions at resentencing, there may have been error with the notice and the error may be plain. This court will not notice the error because Blackshear first raised the issue at an unauthorized resentencing hearing at which he received a sentence that was far below the statutory sentence authorized by the § 851 notice and was not above the statutory maximum sentence then authorized by 21 U.S.C. § 841(b)(1)(A) (2006). We note that the mandate issued after this court's opinion affirming his convictions and sentence has not been recalled.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED