**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4390**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT JORDAN FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (1:05-cr-01226-MBS)

Submitted: September 19, 2007    Decided: October 30, 2007

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Jordan Fields ("Fields") was convicted by a jury of making a false loan and credit application, 18 U.S.C.A. § 1014 (West Supp. 2007), and was sentenced to a term of twelve months imprisonment. Fields contends that the district court erred in using the 2000 Guidelines Manual to calculate his guideline range under U.S. Sentencing Guidelines Manual § 2F1.1 (2000). Because the district court sentenced Fields under the 2000 manual without first determining whether use of the 2006 Guidelines Manual would have subjected Fields to increased punishment in violation of the Ex Post Facto Clause, or would have resulted in a lower guideline range, as he asserts, we vacate the sentence and remand the case for resentencing.

In 1998, Regions Bank in Aiken, South Carolina, issued a letter of credit to Fields Real Estate Securities Corporation for $83,800 for improvements to be made on lots in the Summit Business Center in Aiken. When the improvements were not completed by the city's deadline, it used the letter of credit to complete the project. Regions Bank paid the city $83,800 in November 1999.

Regions Bank then attempted to collect money from Fields Real Estate, but instead of demanding the full amount, the bank first had the company sign an unsecured promissory note, then tried to convert the obligation to a loan secured by a mortgage on real property. Robert Fields provided a mortgage on fourteen lots in

- 2 -

Aiken that belonged to AKJ Investments, which was owned by his brother, Michael Fields and his wife, Bea, who lived in Pinehurst, North Carolina. However, Fields Real Estate subsequently defaulted on the loan. After the bank obtained a foreclosure order, it learned that Michael Fields had not mortgaged the property, that Michael Fields' signature on the mortgage was forged, as were the witnesses' signatures, and that Robert Fields was not a principal of AKJ or authorized to act on its behalf. During an investigation by the Federal Bureau of Investigation, Fields denied that he had ever claimed authority to act on behalf of AKJ or that he took the mortgage documents away from the bank to have them signed by Michael Fields. Fields was then charged and convicted of the instant offenses.

The probation officer calculated Fields' advisory guideline range using the 2000 Guidelines Manual because it was in effect at the time of the offense and the probation officer regarded it as less punitive.[*] The probation officer estimated that Regions Bank's loss of $83,800 did not result from Fields'

---

[*]In 2001, the guideline for fraud, USSG § 2F1.1, was merged with § 2B1.1 in a major revision of the guidelines for economic crimes. USSG App. C., amend. 617. In 2003, the base offense level for any offense covered in § 2B1.1 and punishable by a statutory maximum of twenty years or more was increased to from 6 to 7. USSG App. C, amend. 653. The revised § 2B1.1 does not include an enhancement for more than minimal planning and the definition of actual loss was changed from "the value of the money, property, or services unlawfully taken," USSG § 2F1.1, comment. (n.8) (2001), to "the reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1, comment. (n.3(A)(i)).

actions, but from the bank's failure to have the line of credit collateralized and then demand immediate payment from Fields Real Estate after making payment to the city of Aiken. The probation officer recommended a base offense level of 6 under USSG § 2F1.1, a 2-level enhancement for more than minimal planning under § 2F1.1(b)(2)(A), and a 2-level adjustment for obstruction of justice under USSG § 3C1.1, based on Fields' materially false statements to the federal agent who investigated the offense. The total offense level was 10. Because Fields was in criminal history category II, his advisory guideline range was 8-14 months.

At the sentencing hearing, the district court agreed that no loss enhancement was warranted, overruling the government's objection to the presentence report. At this point, Fields suggested that the enhancement for more than minimal planning should be eliminated because it was not available under the 2006 Guidelines Manual. The government pointed out that the "one book rule" requires a manual to be applied in its entirety. U.S. Sentencing Guidelines Manual § 1B1.11(b)(2). The district court proceeded to sentence Fields using the 2000 Guidelines Manual.

On appeal, Fields argues that the district court incorrectly calculated his guideline range using the 2000 Guidelines Manual because under the 2006 manual his offense level would have been 9 and his advisory guideline range would have been 6-12 months. The government appears to concede that Fields'

offense level would be no more than 9 under the 2006 version of § 2B1.1, and his guideline range would thus be 6-12 months. The government does not suggest that the district court would necessarily find that a loss enhancement would be warranted if Fields were sentenced under the 2006 version of § 2B1.1.

We are not convinced that Fields waived the issue by not raising it until after the sentencing court ruled at the sentencing hearing that no loss enhancement should be made, as the government argues. If the defendant does not raise the issue of which manual applies, either in the district court or on appeal, the appeals court has the discretion to address the issue sua sponte, if necessary. United States v. Heater, 63 F.3d 311, 331 n.5 (4th Cir. 1995) (choosing to address Ex Post Facto issue although appellant did not raise it); cf. United States v. Hartzog, 983 F.2d 604, 608 (4th Cir. 1993) (declining to reach issue because it was not raised below).

The government contends that any error is harmless because Fields' twelve-month sentence falls within the overlap of the ranges that would apply under either the 2000 or the 2006 Guidelines Manual without a loss enhancement. Had the district court stated that it would impose a sentence of twelve months regardless of which guideline range was the correct one, any error would be harmless and appellate review would be unnecessary. United States v. Smith, 914 F.2d 565, 569 n.3 (4th Cir. 1990).

However, the district court did not so find, and when a defendant's guideline range has been improperly computed, resentencing is required even though the sentence imposed was within the overlap of the sentencing range which should have been used because the court might impose a different sentence when using the correct range. United States v. McCrary, 887 F.2d 485 (4th Cir. 1989).

Because it is not clear from the record that the 2000 Guidelines Manual was correctly applied, we vacate the sentence and remand this case for resentencing. On remand, the district court should calculate Fields' guideline range using the 2006 Guidelines Manual. If the resulting guideline range is the same or more favorable to Fields than the range the court arrived at using the 2000 Guidelines Manual, then the 2006 manual may be used without violating the Ex Post Facto Clause, and should be used, pursuant to § 1B1.11, to sentence Fields.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED