PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

v.

ROBERT JORDAN FIELDS,

      *Defendant-Appellant.*

No. 07-5137

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Margaret B. Seymour, District Judge.
(1:05-cr-01226-MBS-1)

Argued: December 5, 2008

Decided: January 14, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge Michael and Judge King
joined.

---

## COUNSEL

**ARGUED:** Parks Nolan Small, Federal Public Defender,
Columbia, South Carolina, for Appellant. Dean A. Eichelber-
ger, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee. **ON BRIEF**: Kevin

F. McDonald, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

On remand for resentencing, the district court sentenced Robert Jordan Fields to a twelve-month term of imprisonment but declined to impose the fine that it had imposed with Fields's original sentence. Four days later, the court did impose the fine, stating that it had intended to do so when resentencing Fields but because of an oversight had not. Fed. R. Crim. P. 35(a) requires that we vacate and remand with instructions to impose the sentence ordered at the first resentencing hearing: twelve months of imprisonment and no fine.

I.

In 2006, a jury convicted Fields of making a false loan and credit application. At his initial sentencing, the district court sentenced Fields to twelve months of imprisonment. In addition, although it adopted the factual findings in the presentence report (PSR), which, *inter alia*, stated that it did "not appear that the defendant has the ability to pay a fine," the district court imposed a $2000 fine.

Fields's initial appeal focused on his term of imprisonment, but he framed the issue on appeal quite broadly, asking whether the district court erred "when it used the 2000 version of the United States Sentencing Guidelines to compute the guideline sentence rather than the less punitive present 2006 version . . . ?" Brief of Appellant at 2, United States v. Fields (*Fields I*), 252 F. App'x 556 (4th Cir. 2007) (No. 07-4390). We reversed, finding it unclear whether the district court

incorrectly chose to apply the 2000 version of the U.S. Sentencing Guidelines Manual. Our mandate explained: "[W]e vacate the sentence and remand this case for resentencing. On remand, the district court should calculate Fields' guideline range using the 2006 Guidelines Manual." *Fields I*, 252 F. App'x at 558. We concluded that if the 2006 version resulted in a guideline range that was "the same or more favorable to Fields," then the district court should apply that version and not the 2000 version. *Id.*

At the first resentencing after remand, the district court found that the 2006 version did result in a decrease of one offense level, which yielded a lower advisory guidelines range. The district court applied it but still imposed a twelve-month sentence. The court then stated, "*Again* it does not appear [Fields] has the ability to pay a fine[;] the fine is waived" (emphasis added). The Government did not object to the court's decision to waive the fine.

Four days later the district court convened a second resentencing hearing. The Government opened that hearing by arguing that the district court's failure to re-impose a fine at the first resentencing constituted "clear error" within the meaning of Fed. R. Crim. P. 35(a). After Fields objected to the district court revisiting the fine, the district court responded that it knew "exactly what [it] had in mind" at the first resentencing hearing and that it had "intended to impose a fine" at that time. Once more adopting the factual findings in the updated PSR (which again found no ability to pay a fine), the court then imposed a $2000 fine. Fields timely appealed, challenging the imposition of the fine.

II.

The Government initially contends that the mandate rule "bars consideration" of the imposition of the fine. Specifically, the Government contends that our mandate remanding the case prevented the district court from deleting the fine on

resentencing. With limited exceptions not applicable here, the mandate rule "forecloses litigation on remand of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Aramony*, 166 F.3d 655, 662 (4th Cir. 1999).

The breadth of our mandate in *Fields I* fatally undermines the Government's theory. As noted above, Fields framed the issue on appeal broadly. Moreover, we did not limit our remand order to a specific issue. *Cf. United States v. Bell*, 5 F.3d 64, 65–67 (4th Cir. 1993) (remand instructed district court to sentence defendant within 87-108 month guidelines range). Instead, we instructed the district court simply to apply the correct version of the Guidelines Manual, which itself determines the range of any fine.[1]

Thus, our remand order in *Fields I*—directing the district court to apply the 2006 Guidelines Manual—essentially mandated that the court conduct a de novo resentencing. *See Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007) (using "the scope of the remand" to determine the reach of the mandate rule). The mandate rule therefore does not bar consideration of the issue presented in this appeal. Accordingly, we turn to that issue.

### III.

Fed. R. Crim. P. 35(a) provides the only authority for the district court to correct or change Fields's sentence. 18 U.S.C. § 3582(b), (c) (2006); *see also United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993). Fields argues that the district court exceeded its authority under that rule when it convened a sec-

---

[1]For example, under the 2000 Manual's applicable offense level of ten, Fields's advisory guidelines fine range was $2000–$20,000. U.S. Sentencing Guidelines Manual § 5E1.2(c)(3) (2000). In contrast, the 2006 Manual's offense level of nine leads to an advisory guidelines fine range of $1,000–$10,000. *Id.* § 5E1.2(c)(3) (2006).

ond resentencing hearing to amend its order and impose the fine. Rule 35(a) limits a district court's ability to amend a sentence; the court can do so only "[w]ithin 7 days after sentencing, [to] correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

The Government does not assert that the district court committed an arithmetical or technical error at the initial resentencing. Thus, unless the Government can demonstrate that the district court committed a "clear error" within the meaning of Rule 35(a) when it refused to impose a fine at the first resentencing, Fields's challenge to the fine must prevail.

Every relevant authority agrees that the scope of "clear error" correctable under Rule 35(a) is extremely narrow. *See, e.g.*, Fed. R. Crim. P. 35(a) advisory committee's note ("The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to . . . errors which would almost certainly result in a remand of the case . . . .") (1991 Amendments); *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997); *Fraley*, 988 F.2d at 6–7. Although courts take different approaches to Rule 35(a), all essentially agree that "clear error" under the Rule requires some reversible error at the initial sentencing (or here, the initial resentencing) hearing. *See, e.g.*, *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999); *see also United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008); *United States v. Lett*, 483 F.3d 782, 788 (11th Cir. 2007). The Government can point to *no* reversible error that occurred at Fields's initial resentencing. There is none. Neither the Guidelines nor any statute requires imposition of a fine. Indeed, the district court specifically found that Fields had no ability to pay a fine. Thus, had the district court never reconvened to impose a fine, the Government would have had no basis for appealing the failure to impose a fine at the initial resentencing.

Relying on the district court's statements at the second resentencing hearing, however, the Government asserts that

the district court's *intent* to impose a fine remained static throughout. This may be so. We certainly do not question the good faith of the able district judge,[2] but Congress limited the reach of Rule 35(a) because it wanted to promote openness and finality in sentencing. *Layman*, 116 F.3d at 108–09; *Fraley*, 988 F.2d at 7. Had the district court expressly stated at the first resentencing hearing that it intended to impose the fine and then failed to do so, this would be another case, similar to *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989). But cases like *Cook* explicitly hold that a district court may only correct an "acknowledged and obvious mistake." *Id.* Given the Government's failure to object to the omission of the fine at the first resentencing, we refuse to search for an intent that was not obvious to anyone at that time. *See Fraley*, 988 F.2d at 7 ("When the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence.").

## IV.

We therefore vacate and remand with instructions that the district court reinstate the sentence imposed at the first resentencing: twelve months of imprisonment and no fine.

*VACATED AND REMANDED*

---

[2]To the contrary, we emphasize that we imply not the slightest criticism of the district judge, who conducted all of Fields's hearings in a thorough and conscientious manner. Failure to impose a fine may well have been an understandable oversight during a busy schedule. But it is not an oversight that is correctable under the narrow scope of Rule 35(a).