**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4774**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER TOBY HAYES,

Defendant – Appellant,

and

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN;
GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE
NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS;
JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME
MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS;
CHASE MANHATTAN MORTGAGE CORPORATION,

Parties-in-Interest.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-7)

Submitted:  September 14, 2009      Decided:  November 13, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and John Preston
BAILEY, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  W.  Walter  Wilkins,  United  States Attorney,  Jane  B.  Taylor,  Assistant  United  States  Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Toby Hayes was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to life in prison. Hayes appealed, challenging his conviction and sentence. We affirmed Hayes' conviction and rejected claims relating to his Guidelines range calculation, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished) ("Davis I").

On remand, the district court imposed a 360-month variant sentence and Hayes timely appealed. Hayes asserts that the district court erred when it refused to conduct a de novo resentencing on remand. Specifically, Hayes asserts that the district court erroneously applied the mandate rule on remand to bar his objections to his Guidelines range calculation because he claims that this court's mandate did not limit his resentencing or address whether Hayes' sentence was imposed in violation of his Sixth Amendment rights. Finding no error, we affirm the district court's judgment.

We find that the district court correctly applied the mandate rule to bar Hayes' objections to his Guidelines range

3

calculation; Hayes either previously raised his objections at his original sentencing or could have raised them but did not. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

Moreover, "the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions).

4

Contrary to Hayes' assertions, this court's order in Davis I rejected Hayes' objections to his Guidelines range calculation and only directed the district court to resentence Hayes under a non-mandatory Guidelines regime. See Davis, 270 F. App'x at 248, 256 & n.16. Unlike the court's mandate discussed in United States v. Fields, 552 F.3d 401, 403-04 (4th Cir. 2009) (holding that a previous mandate essentially ordered a de novo resentencing where the court ordered the district court "to apply the correct version of the Guidelines manual"), Davis I did not authorize the district court to re-calculate Hayes' Guidelines range on remand. Because Hayes raises no claims that fall within any of the exceptions to the law of the case doctrine, his challenges to his Guidelines range on remand were foreclosed by the mandate rule.

We nonetheless reject Hayes' suggestion that the district court violated the Sixth Amendment when it calculated his Guidelines range based on facts not found by the jury. Because the district court on remand appropriately treated Hayes' Guidelines range as advisory, and since Hayes' sentence was within the statutory maximum authorized by the jury's verdict (i.e., life in prison, see 28 U.S.C. § 841(b)(1)(A) (2006)), the district court fully complied with the Sixth Amendment and judicial precedent. See Booker, 543 U.S. at 232-44 (holding that judge found sentence enhancements

5

mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); see also Rita v. United States, 551 U.S. 338, 353 (2007) (recognizing that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir.) ("[A] sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range, . . . so long as its resulting sentence is within the relevant statutory range."), cert. denied, Witherspoon v. United States, 129 S. Ct. 519 (2008).

Although not explicitly challenged by Hayes, we have reviewed Hayes' 360-month sentence for reasonableness, using an abuse of discretion standard of review. See Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. United States v.

6

Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). The court must next consider the substantive reasonableness of the sentence imposed on remand, taking into account the totality of the circumstances. Id. at 161-62.

While the court presumes that a sentence within a properly calculated Guidelines range is reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), it may not presume that a sentence outside the Guidelines range is unreasonable. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, the court must "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

On remand, the district court heard counsel's argument regarding the weight that should be afforded the § 3553(a) factors, allowed Hayes an opportunity to allocute and heard from several individuals who spoke on Hayes' behalf, and thoroughly

7

considered the § 3553(a) factors before imposing Hayes' sentence. We find that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was "selected pursuant to a reasoned process in accordance with law," and that the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review").

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED