**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis Jaime PEREZ, a/k/a Pri, a/k/a Canello, a/k/a Jose Luis Jaimes Perez, Defendant–Appellant.**

**No. 12–6303.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 16, 2012.

Decided: Aug. 24, 2012.

Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, for Appellant. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Before GREGORY, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Jaime Perez was convicted, following a jury trial, of conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court initially sentenced Perez to 262 months' imprisonment. Perez appealed his sentence and the district court's denial of his motion for new counsel, which he filed after his conviction but before sentencing. We affirmed the denial of the motion for new counsel, but reversed Perez's sentence because the district court failed to make the necessary findings to support a two-level obstruction of justice enhancement under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2007), and remanded for resentencing. *United States v. Perez,* 661 F.3d 189, 193–94 (4th Cir.2011).

At resentencing, the district court once again enhanced Perez's base offense level of thirty-six by two levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, giving Perez an adjusted offense level of thirty-four. However, based on Perez's rehabilitation efforts since his first sentencing hearing, the court then varied downward by four offense levels, finding that Perez's need for rehabilitation had decreased, he had accepted responsibility for his actions, and the original 262–month sentence was no longer necessary to deter Perez from committing further crimes. With a total offense level of thirty-four and placement in criminal history category II, Perez's advisory Guidelines range was 168

to 210 months' imprisonment. U.S.S.G. ch. 5, pt. A (sentencing table). The court sentenced him to 168 months in prison, the bottom of the Guidelines range.

Perez timely appealed. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), finding no meritorious grounds for appeal, but challenging the reasonableness of Perez's sentence. Perez filed a pro se supplemental brief challenging both his conviction and his sentence. For the reasons that follow, we affirm.

Perez's pro se challenges to his conviction are barred by the mandate rule. "The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded on appeal. *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir.2007). By limiting subsequent proceedings to only those issues falling within the scope of the appellate court's mandate, the rule ensures that litigants in remanded cases get only one bite at the apple, foreclosing "relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir.1993); *see Pepper v. United States*, —— U.S. ——, 131 S.Ct. 1229, 1250–51, 179 L.Ed.2d 196 (2011) (recognizing that a limited appellate mandate may restrict a resentencing court's discretion to depart from the district court's original sentencing determinations).

On appeal, a party waives "any issue that could have been but was not raised" before the appellate court. *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir.2007). Because it has not been tendered to the appellate court for decision, an issue that has been waived on an initial appeal is "not remanded" to the district court even if other issues in the case are returned to the court below. *Id.* Given that a waived argument is not within the scope of the appellate mandate, the mandate rule thus holds that,

"where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir.1992) (internal quotation marks omitted). *See also Volvo*, 510 F.3d at 481 ("[U]nder the mandate rule[,] a remand proceeding is not the occasion for raising new arguments or legal theories."); *United States v. Susi*, 674 F.3d 278, 285 (4th Cir.2012) ("[W]hile Pepper allows district courts the flexibility to address any component of the sentencing decision that it must in order to 'effectuate its sentencing intent,' that decision does not fundamentally alter the rule of waiver."). Perez's failure to challenge his conviction in his first appeal precludes his efforts to challenge it before this Court now. *Omni*, 974 F.2d at 505.

Turning to his sentence, in both the *Anders* brief and his pro se supplemental brief, Perez challenges the two-level enhancement for obstruction of justice. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir.2008). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir.2010) (internal quotation marks and citation omitted; alteration in original).

Perez argues that the district court exceeded the scope of this Court's mandate when it reimposed the two-level enhancement for obstruction of justice.

However, our previous opinion remanded for resentencing without limiting the district court to specific issues. Such a "general remand" for resentencing, which does not place any limitations on the district court, in effect orders a de novo resentencing. *Pepper*, 131 S.Ct. at 1250; *United States v. Fields*, 552 F.3d 401, 404 (4th Cir.2009). Thus, the district court was free to reconsider whether the obstruction of justice enhancement was warranted.

 Moreover, the district court properly applied the obstruction of justice enhancement. In order to apply an obstruction of justice enhancement based on perjured testimony, a district court must make findings that clearly establish that the defendant willfully, with the intent to deceive, falsely testified about a material matter. *Perez*, 661 F.3d at 192–93.

On remand, the district court found that Perez willfully obstructed justice both through his false testimony at trial and through his conduct at the time of his arrest. Specifically, the court found that Perez falsely testified when he denied under oath that he was involved in cocaine trafficking, which directly contradicted Government witness testimony which the jury found more credible. Second, the court found that Perez's false testimony concerned a material matter, namely his guilt or innocence. Finally, the court found that Perez acted willfully with the intent to deceive not only by testifying in direct contradiction to witnesses whose testimony the jury found more credible, but also by his behavior during his arrest when he denied any wrongdoing, refused to identify himself to the police or provide his home address, and when officers entered his home, shouted at a woman in the house not to answer the officers' questions or reveal his name. We conclude that the district court's findings are not clearly erroneous and clearly establish the three elements necessary to support a two-level enhancement for obstruction of justice.

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*