**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4330**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHARLES BENTIL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:02-cr-00499-JCC-1)

Submitted: December 12, 2016          Decided: February 7, 2017

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Angela Fiorentino-Rios, Special Assistant United States Attorney, Christopher Catizone, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Bentil appeals from the 10-month sentence imposed by the district court at a resentencing hearing after the revocation of his supervised release. At Bentil's revocation hearing, the district court twice orally pronounced a sentence of 10 days' imprisonment, which was to run consecutive to any state court sentence received by Bentil for the criminal conduct underlying his revocation. The district court subsequently entered a written judgment reflecting the 10-day sentence. Fourteen days later, the district court sua sponte convened a resentencing hearing and informed the parties that it had made a mistake and had intended to impose a sentence of 10 months' imprisonment, not 10 days. The district court stated that this error was obvious from the record of the revocation hearing and that the imposition of a 10-day sentence would be plainly unreasonable and constitute reversible error. Finding the error to be clear from the record, the district court resentenced Bentil to 10 months' imprisonment under Fed. R. Crim. P. 35(a). Bentil noted a timely appeal, challenging the district court's authority to resentence him. For the reasons stated below, we vacate the amended judgment order and remand with instructions that the district court reinstate the 10-day sentence imposed at Bentil's revocation hearing.

A district court "may not modify a term of imprisonment once it has been imposed unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (internal quotation marks omitted). Under Fed. R. Crim. P. 35(a), a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. "[T]he scope of clear error correctable under Rule 35(a) is extremely narrow," which comports with Congress' intent "to promote openness and finality in sentencing." United States v. Fields, 552 F.3d 401, 404-05 (4th Cir. 2009) (internal quotation marks omitted). "Although courts take different approaches to Rule 35(a), all essentially agree that clear error under the Rule requires some reversible error at the initial sentencing." Id. at 404 (internal quotation marks omitted). In other words, Rule 35(a) "extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court." United States v. Fraley, 988 F.2d 4, 7 (4th Cir. 1993) (quoting Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment). We review de novo the district court's

exercise of jurisdiction under Rule 35(a). See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008).

On appeal, Bentil argues that the district court did not have jurisdiction under Rule 35(a) to alter the 10-day sentence initially imposed because the record does not evince that the court committed "clear error" when imposing sentence at Bentil's revocation hearing. In response, the Government argues that this court would have remanded for resentencing because the 10-day sentence is procedurally unreasonable, and therefore, the district court properly corrected the "clear error" under Rule 35(a).[1] We agree with Bentil.

In order for the district court to exercise jurisdiction under Rule 35(a), it must have been "almost certain" that the 10-day sentence would have been reversed on appeal. See Fraley, 988 F.2d at 7. However, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release," United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013), and thus, in examining a revocation sentence, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than

_____

[1] The Government also argues that the district court's error was arithmetical or technical. We find this argument unpersuasive. Moreover, the district court solely relied on the "clear error" language of Rule 35(a) to resentence Bentil.

4

reasonableness review for guidelines sentences," United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Webb, 738 F.3d at 640 (internal quotation marks omitted). In conducting reasonableness review in the supervised release revocation context, we "follow generally the procedural and substantive considerations" used in reviewing post-conviction sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3583(e) (2012); United States v. Thompson, 595 F.3d 544, 546-47 (4th Cir. 2010). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

We first conclude that the intent of the district court to impose a 10-month consecutive sentence is not sufficiently clear from the record of the revocation hearing, and as such, the

5

district court's imposition of a 10-day sentence at the revocation hearing was not the type of obvious error that we have suggested is correctable under Rule 35(a). See Fields, 552 F.3d at 405 (suggesting district court could correct obvious mistake where intent is clear from the record). Although the district court noted at the revocation hearing that Bentil had repeatedly violated the conditions of his supervised release, the district court's summary of those violations and the punishments imposed indicate that the violations did not involve shockingly abhorrent behavior. Furthermore, while the district court did find that Bentil's original offense was "very serious" and that he had a significant criminal history, the court also seemingly took into consideration several mitigating factors, including Bentil's steady employment, his clean drug screens, his completion of a substance abuse program, his payment of child support for his daughter, and his substance abuse problem, which began at an early age. The court also acknowledged that Bentil would likely face a sentence of imprisonment in state court. Consequently, the district court's intent at the revocation hearing to sentence Bentil to 10 months rather 10 days is ambiguous at best, and thus, any disconnect between the 10-day sentence and the court's intent at the revocation hearing cannot support resentencing under Rule 35(a). See Fields, 552

6

F.3d at 405 (refusing "to search for an intent that was not obvious to anyone" at initial sentencing hearing).

In addition, we find that the initial sentence of 10 days imposed by the district court was not "clear error" within the meaning of Rule 35(a) because we are not convinced that the sentence would have "almost certain[ly]" been reversed for procedural unreasonableness on appeal. See Fraley, 988 F.2d at 7. At the revocation hearing, the district court took into account the Guidelines range and discussed several of the § 3553(a) factors. As discussed above, the district court also considered the aggravating and mitigating factors in this case. The district court's discussion of these factors could support a 10-day sentence given the deference afforded to revocation sentences by this court. Accordingly, we are not convinced that we would find the 10-day sentence to be plainly procedurally unreasonable on appeal.

Even if we might find the 10-day sentence to be procedurally unreasonable, because the Government did not offer any argument for a within-policy-statement range sentence at the revocation hearing and did not object to the court's explanation of the 10-day sentence, plain error review would apply to any appeal of the sentence for procedural unreasonableness. See Webb, 738 F.3d at 640; United States v. Houston, 529 F.3d 743, 749-50 (6th Cir. 2008) (taking into account that plain error

7

review would have applied to appeal of sentence in clear error analysis under Rule 35(a)). To establish plain error, the Government would have to demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected the Government's substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation marks omitted); see United States v. Blatstein, 482 F.3d 725, 730, 733 (4th Cir. 2007) ("[W]e have recognized that the substantial rights of the Government are . . . entitled to protection from plain error.").

Under plain error review, the Government would not be certain to prevail on appeal. For the reasons explained above, the Government cannot point to any error that is plain from the record of the revocation hearing. Moreover, the Government would be hard-pressed to argue that its substantial rights were affected because the total state and federal sentence ultimately imposed was greater than the sentence proposed by the Government at Bentil's revocation hearing.[2] Finally, any error by the

---

[2] Although the hearings before the district court occurred prior to the imposition of Bentil's state sentence, we note that Bentil was ultimately sentenced to a term of imprisonment exceeding one year, and therefore, the 10-day consecutive sentence is longer than the 12-month concurrent sentence recommended by the Government at the revocation hearing. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. (Continued)

8

district court in imposing a 10-day sentence does not "seriously affect the fairness, integrity or public reputation of judicial proceedings." Puckett, 556 U.S. at 135 (alteration and internal quotation marks omitted). To the contrary, we believe that permitting the district court to resentence Bentil after clearly announcing the 10-day sentence and entering the written judgment would be more detrimental to the fairness and integrity of the proceedings than allowing the 10-day sentence to stand.

Accordingly, we vacate the amended judgment order and remand with instructions that the district court reinstate the 10-day sentence imposed at Bentil's revocation hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

1989) (recognizing that we may take judicial notice of facts outside of record on appeal in interest of justice).

9