**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4145**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CYNTHIA WILLIAMS-SINGLETON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:19-cr-00127-MOC-DCK-1)

Submitted: January 26, 2021                                  Decided: March 2, 2021

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Williams-Singleton pleaded guilty to a single count of wire fraud, in violation of 18 U.S.C. §§ 2, 1343. The district court sentenced Williams-Singleton to 27 months' imprisonment and subsequently denied Williams-Singleton's Fed. R. Crim. P. 35(a) motion to correct her sentence. Williams-Singleton now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but identifying a host of potential sentencing errors. Counsel also questions whether the district court erred by denying Williams-Singleton's Rule 35(a) motion and by imposing a forfeiture money judgment in the amount of $458,772.88. We affirm.

I.

Counsel questions whether Williams-Singleton's sentence is procedurally and substantively reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). In performing that review, we are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51).

2

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted).

A.

Counsel first asserts that the district court procedurally erred by applying an abuse of trust enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.3 (2018). We are satisfied, however, that the district court did not err in applying the enhancement. *See United States v. Brack*, 651 F.3d 388, 392 (4th Cir. 2011) (explaining standard of review). The record establishes that Williams-Singleton "abuse[d] the authority" of her customer service position to "use without authority . . . means of identification" of her victims. USSG § 3B1.3 cmt. n.2(B). Specifically, Williams-Singleton used her position and her victims' identifying information to make unauthorized changes to their retirement accounts that allowed her to steal their retirement benefits. *See United States v. Abdelshafi*, 592 F.3d 602, 611 (4th Cir. 2010) (concluding that district court properly applied abuse of trust enhancement where defendant used position to obtain patients' identifying information and

3

utilized that information to file fraudulent claims).  Accordingly, the district court properly applied the abuse of trust enhancement.

## B.

Next, counsel questions whether the district court incorrectly interpreted § 3553(a)(6) to require a sentencing court to "avoid unwarranted sentence disparities" among only similarly situated defendants within the same district rather than throughout the country.  Counsel also asserts that the district court ignored certain national sentencing statistics when sentencing Williams-Singleton.

Based on our review of the sentencing transcript, we conclude that the district court adequately engaged Williams-Singleton's sentence disparity argument.  Moreover, the district court appropriately determined that Williams-Singleton's proposed below-Guidelines-range sentence based on national sentencing statistics would not generally deter others from executing a similar fraud scheme.  *See United States v. Rivera-Santana*, 668 F.3d 95, 105-06 (4th Cir. 2012) (emphasizing that "each sentencing proceeding is inescapably individualized" and that appellate court should not "isolate a possible sentencing disparity to the exclusion of all the other § 3553(a) factors").  We thus discern no error in the district court's consideration of Williams-Singleton's sentence disparity contention.

## C.

Counsel also questions whether the district court demonstrated bias against Williams-Singleton based on her long-time residency in New York before she moved to North Carolina and committed the wire fraud offense.  We have recognized that a sentence

4

may not be enhanced based on the defendant's home state. *United States v. McCall*, 934 F.3d 380, 382 (4th Cir. 2019). Although the district court commented on sentence disparities across the country and criticized the efficacy of sentencing practices in certain geographic regions, including New York, the court never tied its criticisms to Williams-Singleton's conduct or mentioned that she was from New York. We therefore reject counsel's suggestion that the district court was biased against Williams-Singleton based on her state of origin.

D.

Counsel next contends that the district court erroneously sentenced Williams-Singleton based on inaccurate information. We have explained that a criminal defendant has a due process right to be sentenced based on accurate information. *United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006). Relatedly, the Supreme Court has recognized that a sentencing court commits procedural error when it sentences a defendant "based on clearly erroneous facts." *Gall*, 552 U.S. at 51. "A [factual] finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

Counsel first asserts that the Government falsely accused Williams-Singleton of fabricating the involvement of a coconspirator in the wire fraud scheme and that the district court relied on that false accusation in sentencing Williams-Singleton. We conclude, however, that the record does not establish the falsity of the Government's representation

5

that it lacked sufficient evidence of a coconspirator's involvement in the wire fraud scheme. Moreover, before imposing sentence, the district court was aware of the parties' disagreement regarding the involvement of a coconspirator. Although the district court never stated that a coconspirator does not exist, the court appropriately questioned the accuracy of Williams-Singleton's claim that a coconspirator devised the entire scheme. The district court thoroughly explained its skepticism, emphasizing that Williams-Singleton made unauthorized changes to retirement benefit accounts, including naming herself as a beneficiary of those accounts; falsely reported that retirement account holders had died so that funds from their accounts would be disbursed to bank accounts under Williams-Singleton's control; and withdrew large amounts of cash from the bank accounts containing the fraud proceeds. Accordingly, we are satisfied that the district court did not sentence Williams-Singleton on the basis of inaccurate information related to the involvement of a coconspirator.

Next, counsel contends that the district court predicated its loss amount finding on inaccurate information because Williams-Singleton has paid or will pay taxes on the proceeds that she obtained from the wire fraud scheme, and the court did not consider those tax payments when determining the loss amount. We conclude that Williams-Singleton invited any such error when she stipulated to the loss amount contained in the presentence report. *See United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) (explaining invited error doctrine). Consequently, Williams-Singleton may not now contest the loss amount on appeal. Even if she could, however, we are satisfied that the district court did not plainly err in accepting the loss amount stated in the presentence report. *See* Fed. R. Crim. P.

32(i)(3)(A) (providing that court "may accept any undisputed portion of the presentence report as a finding of fact"); *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (describing plain error standard).

E.

Consistent with *Anders*, we have otherwise reviewed the procedural and substantive reasonableness of Williams-Singleton's sentence and discern no error. Regarding procedural reasonableness, the district court accurately calculated Williams-Singleton's advisory Guidelines range and gave each party the opportunity to present argument and Williams-Singleton the opportunity to allocute. The district court also sufficiently addressed defense counsel's arguments for a below-Guidelines-range sentence, considered the § 3553(a) factors, and provided a meaningful explanation for the sentence that it chose. *See Gall*, 552 U.S. at 49-51.

We are also satisfied that nothing in the record rebuts the presumption of substantive reasonableness afforded to Williams-Singleton's within-Guidelines-range sentence. *See Louthian*, 756 F.3d at 306. The district court appropriately emphasized that Williams-Singleton engaged in a complex fraud scheme over a lengthy period of time and stole a substantial amount of money from her victims. The district court also properly stressed that a sentence below the Guidelines range would not generally deter others from perpetrating similar fraud schemes. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We therefore conclude that Williams-Singleton's sentence is substantively reasonable.

7

II.

Next, counsel asserts that the district court erred by denying Williams-Singleton's Rule 35(a) motion. Williams-Singleton contended therein that the district court committed clear error during the sentencing hearing by relying on the Government's alleged misrepresentation that a coconspirator was not involved in the wire fraud scheme. Under Rule 35(a), a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. Fed. R. Crim. P. 35(a). "[T]he scope of clear error correctable under Rule 35(a) is extremely narrow," which comports with Congress' intent "to promote openness and finality in sentencing." *United States v. Fields*, 552 F.3d 401, 404-05 (4th Cir. 2009) (internal quotation marks omitted). "Although courts take different approaches to Rule 35(a), all essentially agree that clear error under the Rule requires some reversible error at the initial sentencing." *Id.* at 404 (internal quotation marks omitted). We review a district court's denial of a Rule 35(a) motion for abuse of discretion. *See United States v. McQuiston*, 307 F.3d 687, 689 (8th Cir. 2002); *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990).

We conclude that the district court did not abuse its discretion in denying Williams-Singleton's Rule 35(a) motion. The district court appropriately found that the Government had not made any misrepresentations during the sentencing hearing. Accordingly, the district court correctly determined that Williams-Singleton had not established "clear error" in her sentence that would warrant relief under Rule 35(a).

III.

Finally, counsel argues that the district court erred by failing to reduce the forfeiture money judgment based on taxes that Williams-Singleton has paid or will pay on the proceeds of her wire fraud scheme. Because Williams-Singleton consented to the amount of the forfeiture money judgment, she may not now challenge that amount on appeal. *See, e.g.*, *United States v. Malpeso*, 126 F.3d 92, 95 (2d Cir. 1997) (applying invited error doctrine to restitution challenge). Even assuming that Williams-Singleton could contest the amount of the forfeiture money judgment, however, we discern no plain error in the district court's acceptance of the amount to which the parties consented, which represents the proceeds that Williams-Singleton obtained from the wire fraud scheme. *See* 18 U.S.C. § 981(a)(2) (defining "proceeds" subject to forfeiture); *United States v. Blackman*, 746 F.3d 137, 142-45 (4th Cir. 2014) (applying § 981(a)(2) to criminal forfeiture).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and the denial of Williams-Singleton's Rule 35(a) motion. This court requires that counsel inform Williams-Singleton, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams-Singleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams-Singleton. We dispense with oral argument because the

9

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*