PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

          *Plaintiff-Appellant,*

v.

ORRANDY GOODWYN, a/k/a Randy,
a/k/a White Boy, a/k/a Trash,

          *Defendant-Appellee.*

No. 09-7316

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, Chief District Judge.
(3:96-cr-00041-JRS-8)

Argued: January 26, 2010

Decided: February 26, 2010

Before MOTZ, KING, and AGEE, Circuit Judges.

Vacated and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge King and Judge Agee
joined.

## COUNSEL

**ARGUED**: Richard Daniel Cooke, OFFICE OF THE
UNITED STATES ATTORNEY, Richmond, Virginia, for
Appellant. James Brian Donnelly, PRICE, PERKINS,

LARKEN & DONNELLY, Virginia Beach, Virginia, for
Appellee. **ON BRIEF:** Neil H. MacBride, United States
Attorney, Alexandria, Virginia, for Appellant.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

In 1997, after pleading guilty to conspiracy to distribute
powder and crack cocaine, Orrandy Goodwyn received a 264-
month prison sentence. Eleven years later, relying on 18
U.S.C. § 3582(c)(2) (2006) and the retroactive crack cocaine
amendment to the United States Sentencing Guidelines
("U.S.S.G." or "Guidelines"), Goodwyn moved for a reduc-
tion of his sentence to time served. The district court granted
the motion in part, reducing Goodwyn's term of imprison-
ment by two years, to 240 months. More than seven months
later, Goodwyn asked the court to reduce his sentence further.
The court treated the request as a motion for reconsideration,
which it granted, again reducing Goodwyn's sentence by two
years, to 216 months. For the reasons that follow, we hold that
the district court lacked the authority to grant the motion for
reconsideration.

I.

Goodwyn pled guilty to conspiracy to distribute powder
and crack cocaine, in violation of 21 U.S.C. § 846(a)(1)
(2006). On March 18, 1997, the district court sentenced him
to 264 months' imprisonment and five years of supervised
release.

On March 24, 2008, Goodwyn filed a *pro se* motion for
reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and
the crack cocaine amendment to the Guidelines. U.S.S.G. app.
C, amends. 706, 711. Section 3582(c)(2) permits sentence

modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). Goodwyn's conspiracy conviction involved an otherwise unspecified drug quantity in excess of 1.5 kilograms of cocaine base, which, at the time, triggered a base offense level of 38. The Sentencing Commission subsequently lowered the sentencing range applicable to his offense conduct and applied the amendment retroactively. U.S.S.G. app. C, amends. 706, 711. Therefore, the district court had the discretion, but not the obligation, to reduce Goodwyn's sentence on this ground. *Id.* § 1B1.10.

In his motion, which the Government opposed, Goodwyn highlighted his troubled childhood, efforts to obtain an education, position in a prison landscaping job, and lack of disciplinary infractions while incarcerated. On October 14, 2008, the district court granted the motion in part, reducing Goodwyn's sentence to 240 months' imprisonment.

Almost eight months later, on June 1, 2009, Goodwyn (again *pro se*) wrote the court asking it to reduce further his term of imprisonment. In an effort to persuade the court that he posed no danger to the public, Goodwyn wrote that he had been "classified Out Custody which means [he is] in the presence of citizens each and every day." He asked to be released so that he could take care of his family.

Construing the June letter as a motion for reconsideration, the district court granted the motion and further reduced Goodwyn's sentence to 216 months' imprisonment. In doing so, the court explained that it had "reviewed additional information regarding Goodwyn's post-conviction rehabilitation efforts, and [that] this information decrease[d] any concerns [the court] may have had about his continuing danger to the public."

The Government timely noted this appeal.

## II.

The law closely guards the finality of criminal sentences against judicial "change of heart." *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997); *see also, e.g.*, *Johnson v. United States*, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); *United States v. Fields*, 552 F.3d 401, 405 (4th Cir. 2009) ("Congress limited the reach of [Federal Rule of Criminal Procedure 35, which governs sentence modification,] because it wanted to promote openness and finality in sentencing."); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("Finality is an important attribute of judgments and, typically, once a pronounced sentence in a criminal case becomes final and unappealable, it may not be modified."); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2nd Cir. 1995) ("As a result of Congress' desire to provide finality to sentencing, . . . [the district court may not act upon] second thoughts [regarding the severity of a defendant's sentence], no matter how well intentioned.").

Section 3582, which governs the imposition of federal prison sentences, embraces this principle, providing that a court's imposition of a term of imprisonment "constitutes a final judgment." 18 U.S.C. § 3582(b). This statute states that a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so. *Id.* § 3582(c); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

In accord with this framework, the district court clearly acted within its authority in granting Goodwyn's *first* motion

to modify his sentence. As explained above, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 expressly sanctioned this relief. We must determine whether these (or any other) provisions also permitted the district court to reduce Goodwyn's sentence a *second* time, almost eight months after the first reduction. We conclude that they did not.

We note at the outset that the Director of the Bureau of Prisons did not move to reduce Goodwyn's sentence. Nor does Goodwyn claim that Rule 35 of the Federal Rules of Criminal Procedure provides any basis for the grant of his motion for reconsideration. Rule 35 authorizes *only* the correction, "[w]ithin 14 days after sentencing," of "arithmetical, technical, or other clear error," unless the defendant merits a reduction for substantial assistance. Fed. R. Crim. P. 35(a), (b).* Thus, that Rule provides Goodwyn no support.

Moreover, Goodwyn cannot point to any federal statute that expressly authorized his motion for reconsideration; no such provision exists. *See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) ("In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence . . . ."); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000) ("While district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, [§ 3582] expressly limits the court's authority in sentencing.").

To overcome this deficiency, Goodwyn urges us to read silence as permission. Specifically, he argues that the limited

---

*Of course, the Federal Rules of *Civil* Procedure do not apply to motions under § 3582. This is so because § 3582 motions—which seek only to alter terms of imprisonment—are criminal in nature. *See, e.g.*, *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curiam); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam); *United States v. Arrango*, 291 F.3d 170, 171-72 (2nd Cir. 2002) (per curiam); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).

allowance for sentence modification in § 3582(c)(2) implies authority for the grant of his motion for reconsideration. Section 3582(c)(2) does not expressly provide that a court may grant only one sentence modification, but neither does it in any way suggest that a court may grant more than one modification. As the clear intent of § 3582 is to *constrain* post-judgment sentence modifications, we hold that this silence precludes the interpretation of § 3582(c)(2) charged by Goodwyn, an interpretation that would permit unlimited motions for reconsideration over an unspecified period of time. To hold otherwise would subvert the statute's overriding purpose.

When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

### III.

For the foregoing reasons, we vacate the June 23, 2009 order granting Goodwyn's motion for reconsideration and reducing his sentence to 216 months' imprisonment. We remand the case for reinstatement of the 240-month sentence imposed in the October 14, 2008 order.

*VACATED AND REMANDED*