**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6376**

UNITED STATES OF AMERICA,

              Plaintiff - Appellant,

        v.

ROBERT CY MANN, a/k/a B,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:98-cr-00047-RAJ-TEM-12)

Argued:  January 26, 2010                   Decided:  April 9, 2010

Before MOTZ, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant.  Jenifer Wicks, Washington, D.C., for Appellee.  **ON BRIEF:** Dana James Boente, United States Attorney, Alexandria, Virginia; Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Robert Mann of possession with intent to distribute crack cocaine and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On January 15, 1999, the district court held a hearing to determine the drug quantities involved and sentenced Mann to 252 months' imprisonment on each count, to run concurrently, plus five years of supervised release for each count, also to run concurrently.

On May 27, 2008, Mann moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006) and the crack cocaine amendment to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). U.S.S.G. app. C, amends. 706, 711. On July 14, 2008, the district court denied the motion, finding Mann "ineligible for an adjustment of sentence, as [his] drug weight exceeds 4.5 kilograms of cocaine base."

On July 22, Mann moved pro se to alter or amend the July 14 order, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court construed this motion as one for reconsideration and appointed counsel to represent Mann. On January 26, 2009, the district court granted the motion, explaining that "after further review, . . . the record of the sentencing hearing does not sufficiently establish that Petitioner was explicitly held responsible for 4.5 kilograms of crack cocaine." The Government noted this appeal.

2

We heard oral argument in this case on the same day as we heard argument in United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010). In Goodwyn, the Government asserted that a district court does not have jurisdiction to reconsider a months-old order granting or denying a § 3582 motion for sentence reduction. We agreed, holding that the district court in that case lacked the authority to further reduce Goodwyn's sentence after initially granting his § 3582(c)(2) motion.

Although represented by the same attorney, the Government did not take the same approach in its brief in this case as it had in Goodwyn. On brief in the case at hand, the Government made no jurisdictional argument. Failure to challenge jurisdiction, however, does not eliminate the need for this court "to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008) (internal quotation marks omitted).

Accordingly, after issuing our opinion in Goodwyn, we requested supplemental briefing in this case, affording Mann the opportunity to show a basis for jurisdiction here. Mann offers no legal authority for the sentence reduction other than § 3582(c)(2). Rather, in addition to simply protesting the result in Goodwyn, Mann only argues that the district court in his case had the authority to reduce his sentence because

3

"[u]nlike in Goodwyn, here, the trial court did not grant a reduction in sentence twice." Supp. Br. of Appellee at 2.[*] Our holding in Goodwyn forecloses this argument, for we there explained:

> When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

Goodwyn, 596 F.3d at 236.

Thus, the district court lacked jurisdiction to grant Mann's second request for a sentence reduction pursuant to § 3582(c)(2). We therefore vacate the January 26, 2009 order granting Mann's motion for reconsideration and reducing his sentence to 188 months' imprisonment on each count, to run concurrently. We remand the case for reinstatement of the 252-month concurrent sentences pronounced on January 15, 1999 and affirmed in the July 14, 2008 order.

VACATED AND REMANDED

---

[*] Mann also contends that the Government waived any arguments challenging the district court's jurisdiction, but, of course, "subject-matter jurisdiction can never be forfeited or waived" because "it involves a court's power to hear a case." United States v. Hartwell, 448 F.3d 707, 715 (4th Cir. 2006) (internal quotation marks omitted).

4