**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7295**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

BRANDI CAMBRON,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:07-cr-00036-RGD-TEM-1)

_____

Submitted:  December 3, 2010      Decided:  January 5, 2011

_____

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brandi Cambron, Appellant Pro Se.  Brian James Samuels, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2008, Brandi Cambron was sentenced to four months' imprisonment, three years of supervised release, and restitution, after she pleaded guilty to wire fraud. In January 2010, Cambron's probation officer filed a petition with the district court detailing a multitude of alleged violations of the conditions of Cambron's release. The district court found that Cambron had violated those conditions and sentenced her to six months' imprisonment with no additional supervised release. The district court entered the order on May 20, 2010. On July 22, 2010, Cambron filed a letter motion for reconsideration seeking a reduction of her sentence. On July 29, the district court granted Cambron's motion for reconsideration, but concluded that it lacked the authority to grant the relief Cambron requested, and indicated that it would not grant such relief in any event. Cambron noted an appeal of this order, at the earliest, on August 31, 2010.[*]

The Government has filed a motion to dismiss the appeal as untimely. We deny the motion. In criminal cases, the defendant must file the notice of appeal within fourteen days

_____

[*] Cambron's notice of appeal is dated August 31, 2010. It was filed by the district court on September 7, 2010. Accordingly, we deem the date Cambron signed her notice of appeal as the earliest date she could have complied with the filing requirement of Fed. R. App. P. 4(c)(1).

after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Here, the Government correctly points out that Cambron's notice of appeal fell significantly outside the time to appeal the May 19 revocation order, even with an allowance for excusable neglect. However, Cambron's notice of appeal references the July 29 order granting her motion for reconsideration but denying the requested relief.

Cambron's notice of appeal from the July 29 order was filed beyond the fourteen-day appeal period, but within the excusable neglect period. See Fed. R. App. P. 4(b)(4). Because the district court's order misinformed Cambron she had sixty days in which to note her appeal, we find excusable neglect appears on the face of the record. See United States v. Reyes, 759 F.2d 351, 354 (4th Cir. 1985). Thus, we will exercise jurisdiction over Cambron's appeal.

Turning to the merits of Cambron's appeal, we have reviewed the record and the district court's order and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. As the district court held, none of the grounds for modifying a final sentence, set forth in 18 U.S.C. § 3582(c) (2006), are applicable to Cambron's case. Therefore,

3

the district court correctly found itself without jurisdiction to grant the requested relief.  See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir.), cert. denied, 130 S. Ct. 3530 (2010).

Accordingly, although we deny the Government's motion to dismiss, we affirm the decision of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED