**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7612**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARK EDWARD GRAPES,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, Chief District Judge.   (2:05-cr-00011-JPB-JSK-2)

_____

Submitted:  January 13, 2011        Decided:  January 21, 2011

_____

Before MOTZ, KING, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark Edward Grapes, Appellant Pro Se.  Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia; Michael Stein, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Edward Grapes pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C.A. § 841(b)(1)(C) (West 2006 & Supp. 2010), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Grapes in October 2006 to eighty-seven months' imprisonment on the methamphetamine count and a consecutive term of sixty months' imprisonment on the firearm count, for a total term of 147 months' imprisonment. In October 2010, Grapes filed a motion, styled as a Fed. R. Civ. P. 60(b) motion, in which he requested that the district court amend the judgment of conviction and order that the two imprisonment terms run concurrently to one another. The district court denied the motion, and Grapes appeals.

The Federal Rules of Civil Procedure do not provide a vehicle by which Grapes may challenge his criminal judgment. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (stating that a criminal defendant cannot challenge orders entered in his criminal case using Fed. R. Civ. P. 60(b)); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (holding that a defendant cannot challenge criminal forfeiture orders under the Federal Rules of Civil Procedure). Nor could Grapes have properly sought reconsideration under the

2

Federal Rules of Criminal Procedure.  See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir.), cert. denied, 130 S. Ct. 3530 (2010) (holding that Fed. R. Crim. P. 35 authorizes reconsideration within fourteen days only to correct arithmetical, technical, or other clear error).

We therefore affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED