<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7269**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

      v.

WALLACE ANTHONY GAITHER,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:98-cr-00202-JAB-1)

_____

Submitted:  October 11, 2012      Decided:  October 16, 2012

_____

Before KING, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Wallace Anthony Gaither, Appellant Pro Se.  Robert Michael Hamilton, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace Anthony Gaither appeals the district court's order denying his self-styled "Motion to Alter or Amend Sentence." We affirm.

Gaither's motion to alter or amend was filed following the district court's February 2011 denial of his 18 U.S.C. § 3582(c)(2) (2006) motion for sentence reduction based on Amendments 706 and 711 to the Sentencing Guidelines ("the 2007 Amendments") and February 2012 grant of his § 3582(c)(2) motion for sentence reduction based on Amendment 750 to the Sentencing Guidelines. In granting Gaither's request for a sentence reduction, the district court awarded him a reduction in his offense level under Amendment 750 and reduced his sentence from 360 months' imprisonment to 292 months' imprisonment. Gaither asserted in the motion to alter or amend that he was eligible for an additional two-level reduction in his offense level under the 2007 Amendments and that the court should further reduce his sentence based on his post-sentencing conduct.[*]

---

[*] On appeal, Gaither does not press his arguments for a sentence reduction on the basis of his post-sentencing conduct or assert that the district court erred in rejecting his request for a sentence reduction on the basis of this conduct. We therefore deem this issue forfeited. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

In *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), this court held that 18 U.S.C. § 3582(c)(2) divests a district court of jurisdiction to reduce a sentence, except in those cases specifically authorized by statute. One authorized exception occurs when the United States Sentencing Commission retroactively lowers the applicable Guidelines range for an offense. § 3582(c)(2). When that occurs, § 3582(c)(2) provides a district court one opportunity to apply the retroactively applicable Guidelines amendment and modify the sentence. *Goodwyn*, 596 F.3d at 236; *see* *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) ("Neither the text of § 3582(c)(2) nor the language of Amendment 712 suggests that prisoners are entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range.").

Here, the district court determined in February 2011 that Gaither was not entitled to a sentence reduction under the 2007 Amendments because they did not have the effect of lowering his Guidelines range, and Gaither was not entitled to an additional sentence reduction under those Guidelines. Further, insofar as Gaither sought reconsideration of the merits of the February 2011 ruling, the merits of the February 2012 ruling, or both, the district court lacked jurisdiction to hear the motion. *Goodwyn*, 596 F.3d at 235-36.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4