**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7417**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

LARRY DONNELL WILLIAMS, a/k/a "L",

                 Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge. (5:04-cr-00045-RLV-DCK-1)

Submitted: February 12, 2013      Decided: February 22, 2013

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas Norman Cochran, Assistant Federal Public Defender,
Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Donnell Williams appeals the district court's orders denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006) and his motion for reconsideration.[1] Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the federal Sentencing Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also U.S. Sentencing Guidelines Manual § 1B1.10(c), p.s. (2012).

Guidelines Amendment 750 lowered the offense levels for drug crimes involving particular quantities of crack and was made retroactively applicable by Amendment 759. See USSG § 1B1.10(c); USSG App. C Amends. 750, 759. The decision to grant such a modification is subject to the discretion of the court. See USSG § 1B1.10 cmt. background; cf. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) (applying abuse of discretion standard to review of order granting or denying a § 3582(c)(2) motion). "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal

_____

[1] By separate order, we granted rehearing in this case.

premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

Here, the district court denied Williams' motion based on the erroneous conclusion that, because Williams' original sentence was a variance, it was "outside the advisory [G]uideline system," and therefore he was not eligible for a sentence reduction under Amendment 750. However, the fact that the sentence a defendant ultimately receives is a variance does not disqualify an otherwise eligible defendant from consideration for a sentence reduction under § 3582(c)(2). See USSG § 1B1.10 cmt. n.1(A) (explaining that eligibility for sentence reduction under § 3582(c)(2) "is triggered only by [a retroactive Guidelines amendment] that lowers the applicable [G]uideline range (i.e., the [G]uideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines manual or any variance).").

Accordingly, we vacate the district court's order denying Williams' § 3582(c)(2) motion and remand for further proceedings consistent with this opinion.[2] We dispense with oral

_____

[2] To the extent that Williams appeals the district court's denial of his motion for reconsideration, the court was without (Continued)

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

authority to entertain such a motion. United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010).