**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7162**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JEANNIE LARGENT COSBY,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:07-cr-00033-MR-3)

———————

Submitted: September 4, 2013    Decided: September 11, 2013

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeannie Largent Cosby, Appellant Pro Se. Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Corey F. Ellis, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeannie Largent Cosby appeals the district court's orders denying her 18 U.S.C. § 3582(c)(2) (2006) motions for reduction of sentence and denying her subsequent motion for reconsideration. We affirm.

We review for abuse of discretion a district court's decision on whether to reduce a sentence under § 3582(c)(2) and review de novo a court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment when the defendant is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This provision, however, provides Cosby no relief because her sentence was based on a statutory minimum sentence and not on a Guidelines range that was subsequently lowered by the Sentencing Commission. See United States v. Hood, 556 F.3d 226, 235 (4th Cir. 2009) ("[I]n reducing a sentence under 18 U.S.C. § 3553(e) and [U.S. Sentencing Guidelines Manual] § 5K1.1, the sentencing court does not apply a Guidelines sentencing range."); see also United States v. Johnson, 564 F.3d 419, 423 (6th Cir. 2009) (stating that the starting point for a downward departure under § 3553(e) is the statutory minimum

sentence).  Accordingly, we affirm the district court's order denying Cosby's § 3582(c)(2) motions.

We further conclude that the district court lacked the authority to revisit its order denying § 3582(c)(2) relief to Cosby.  United States v. Goodwyn, 596 F.3d 233, 235–36 (4th Cir. 2010).  Accordingly, we also affirm the district court's order denying Cosby's motion for reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED