**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7131

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WESLEY TAVERUS BLAKENEY,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-00229-RBH-6)

Submitted:  September 26, 2013     Decided:  September 30, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley Taverus Blakeney, Appellant Pro Se.   Carrie Fisher
Sherard, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Taverus Blakeney appeals the district court's orders denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence and denying his motion to alter or amend judgment. We affirm.

Blakeney pled guilty to conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). Blakeney's advisory Guidelines imprisonment range was calculated using the career offender Guideline, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2008). The district court granted a downward departure for substantial assistance to the Government and sentenced Blakeney in 2009 to 140 months' imprisonment.

Blakeney's 18 U.S.C. § 3582(c)(2) motion sought a sentence reduction based on Amendment 750 to the Sentencing Guidelines—which revised the offense levels applicable to certain cocaine base quantities under USSG § 2D1.1(c)—and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. The district court determined that Blakeney was not entitled to relief under the FSA because he was sentenced before its effective date and that Amendment 750 had no effect on his Guidelines range because he was sentenced as a career

2

offender. Thus, the district court denied Blakeney's § 3582(c)(2) motion.

After review of the record, we find no reversible error in the district court's denial of § 3582(c)(2) relief. Because Blakeney was sentenced in 2009, prior to the effective date of the FSA, the FSA does not apply to his sentence. United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir. 2011). While Blakeney argues that United States v. Munn, 595 F.3d 183, 192 (4th Cir. 2010) (holding that a career offender designation did not bar a § 3582(c)(2) sentence reduction based on Amendment 706 to the Guidelines where the sentencing court granted an overrepresentation departure and relied on the cocaine base Guidelines in calculating the extent of the departure), authorized the district court to reduce his sentence, Blakeney's sentence is distinguishable from the situation in Munn because Blakeney has not demonstrated that the district court relied on the cocaine base Guidelines in calculating the extent of the departure.

Further, following the ruling in Munn, "the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the 'applicable guidelines range' for sentencing purposes." United States v. Quarles, 889 F. Supp. 2d 783, 787 (E.D. Va. 2012) (noting that Amendment 759 to the Guidelines "effectively abrogates" the holding that a

3

defendant, "despite being a career offender, is eligible for a [§ 3582(c)(2)] sentence reduction if, after a departure, his sentence falls squarely within the otherwise applicable [cocaine base] [G]uideline[s] range"), aff'd, No. 12-7486, 2013 WL 2278777, at *1 (4th Cir. May 24, 2013); see USSG App. C, Amend. 759 (2011). Because we do not conclude that Blakeney's Guidelines range was based on USSG § 2D1.1(c), we cannot agree with Blakeney's contention that Amendment 750 altered his Guidelines range. Accordingly, we affirm the district court's order denying Blakeney's § 3582(c)(2) motion.

We further conclude that the district court lacked the authority to revisit its order denying § 3582(c)(2) relief to Blakeney. United States v. Goodwyn, 596 F.3d 233, 235–36 (4th Cir. 2010). Accordingly, we also affirm the district court's order denying Blakeney's motion to alter or amend judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4