**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7753**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARK CORRIGAN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:96-cr-00128-H-3)

Submitted:  February 20, 2014    Decided:  February 26, 2014

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Corrigan, Appellant Pro Se.  Thomas Philip Swaim, Assistant United States Attorney, Thomas Gray Walker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Corrigan appeals the district court's order denying his Fed. R. Civ. P. 60(b)(3) motion,[*] in which he alleged the 1998 criminal judgment against him was subject to vacatur due to fraud. The Federal Rules of Civil Procedure do not provide a vehicle by which to challenge a criminal judgment. See Fed. R. Civ. P. 1, 81; United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (stating that "Rule 60(b) simply does not provide relief from judgment in a criminal case"). Nor could Corrigan have properly sought reconsideration under the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 33(b) (authorizing motion for new trial no later than three years after guilty verdict); United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (holding that Fed. R. Crim. P. 35 authorizes reconsideration within fourteen days only to correct arithmetical, technical, or other clear error).

Accordingly, we affirm the district court's denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] Although Corrigan did not clearly identify the authority for his motion in district court, he clarifies in his informal brief that he sought relief pursuant to Fed. R. Civ. P. 60(b)(3).

before this court and argument would not aid the decisional process.

AFFIRMED