**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6107**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

AHMAD RASHAD HOBBS, a/k/a Sean Hicks,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Chief District Judge.  (4:08-cr-00024-RBS-FBS-1)

Submitted:  November 19, 2015        Decided:  November 23, 2015

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ahmad Rashad Hobbs, Appellant Pro Se.  Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmad Rashad Hobbs appeals the district court's orders denying Hobbs' 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction based on Amendment 782 to the U.S. Sentencing Guidelines Manual (2014), and denying reconsideration of that order. A district court's decision on whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion, while its conclusion on the scope of its legal authority under that provision is reviewed de novo. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010).

Our review of the record reveals that the district court did not abuse its discretion in denying Hobbs' § 3582(c)(2) motion. The court plainly understood its authority to reduce Hobbs' sentence pursuant to Amendment 782, see United States v. Stewart, 595 F.3d 197, 203 (4th Cir. 2010); USSG § 1B1.10(b)(2)(B), p.s., but declined to do so based on the facts and circumstances of Hobbs' case, with which it was abundantly familiar. See United States v. Smalls, 720 F.3d 193, 196-97 (4th Cir. 2013). Moreover, despite Hobbs' claim to the contrary, it is well settled that the district court is not required to provide individualized reasoning when deciding a § 3582(c)(2) motion, see United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000), and the record does not support Hobbs' argument that the court failed to consider the relevant 18

2

U.S.C. § 3553(a) (2012) factors. See Smalls, 720 F.3d at 195-97. Accordingly, we affirm the denial of Hobbs' § 3582(c)(2) motion for the reasons stated by the district court. See United States v. Hobbs, No. 4:08-cr-00024-RBS-FBS-1 (E.D. Va. filed Nov. 21, 2014; entered Nov. 25, 2014).

We also conclude that the district court lacked authority to entertain Hobbs' motion for reconsideration. See United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010). Accordingly, we affirm the district court's order denying that motion. Finally, we deny Hobbs' motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED