**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4300**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KEVIN HALL,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.    John A. Gibney, Jr.,
District Judge.  (3:14-cr-00181-JAG-1)

———————————

Argued:  January 28, 2016           Decided:  April 12, 2016

———————————

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

**ARGUED:** Paul Geoffrey Gill, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Richmond, Virginia, for Appellant.   Richard Daniel
Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia,
for Appellee. **ON BRIEF**: Geremy C. Kamens, Acting Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria,
Virginia,  for Appellant.    Dana  J.  Boente,  United  States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prior to his sentencing for theft of government property, Kevin Hall submitted a letter of support to the district court, apparently from his court-ordered Alcoholics Anonymous sponsor. The district court relied in part on the letter in giving Hall a sentence well below the advisory Guidelines range. Days later, after discovering that Hall had forged the letter, the district court vacated the original sentence and imposed a harsher sentence. Hall now challenges the district court's authority to modify his sentence. Because of the constraints Congress has placed on district courts' ability to modify sentences, we are obligated to vacate and remand for the reimposition of Hall's original sentence.

I.

Kevin Hall pleaded guilty to theft of government property. During the plea hearing, Hall claimed not to have consumed alcohol or used illegal drugs for several years. Immediately after the hearing, he declined a urine test and confessed that just a week earlier he had consumed alcohol and smoked marijuana. After accepting Hall's apology for his dishonesty, the district court ordered Hall to attend substance-abuse-prevention meetings and obtain a sponsor.

2

Five days before his sentencing hearing, Hall filed a letter purportedly from his sponsor indicating that Hall was attending meetings regularly and "working the step program." J.A. 68. The district court, believing that Hall's criminal behavior was strongly influenced by alcohol abuse, relied on the sponsor's letter as proof that Hall was putting his addiction behind him. Accordingly, Hall received a light sentence. Despite an advisory U.S. Sentencing Guidelines range of fifteen to twenty-one months' imprisonment, the court sentenced Hall to three years of probation, with a special condition of thirty days of intermittent confinement and three months of home detention with electronic monitoring.

Within a week of sentencing, the district court discovered that Hall had forged the letter from his sponsor. The court entered an order vacating the sentence and a show-cause order for criminal contempt. In a written opinion justifying the order to vacate, the district court held that it was authorized to resentence Hall by both the court's inherent authority and by Federal Rule of Criminal Procedure 35(a).

At the resentencing hearing, held eleven days after the original sentencing hearing, the district court recalculated Hall's Guidelines range, revoking a previously granted reduction for acceptance of responsibility. The new advisory Guidelines range was twenty-one to twenty-seven months' imprisonment, and

the court sentenced Hall to twenty-one months' imprisonment. At the request of defense counsel, and with the government's approval, the court vacated the show-cause order and canceled the scheduled contempt proceedings.

This appeal followed.

## II.

The issue is whether the district court was authorized to modify Hall's sentence, either by the court's inherent authority to vacate a judgment procured by fraud, or by Federal Rule of Criminal Procedure 35(a). As we explain below, whether the district court had authority to vacate the original sentence is a question of jurisdiction, thus our review is de novo. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008).

Both parties argue that 18 U.S.C. § 3582(c) forecloses the district court's exercise of inherent authority. We agree. Section 3582(c) bars a district court from modifying a sentence "unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 expressly permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Accordingly, in Goodwyn, when a district court modified a sentence without meeting one of these three exceptions, we held that the district court acted without authority. Id. at

4

235-36. The negative implication is clear: "[T]here is no 'inherent authority' for a district court to modify a sentence . . . ." Id. at 235 (quoting United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009)); see also United States v. Mann, 435 F. App'x 254, 255 (4th Cir. 2011) ("In United States v. Goodwyn, we held that § 3582(c) divests a district court of jurisdiction to modify a sentence except in those cases specifically authorized by statute."). Section 3582(c) creates a jurisdictional bar that leaves no room for the exercise of inherent authority.

Having determined that there was no inherent authority, we turn to Rule 35(a), the remaining potential source of authority for the district court's action. Under Rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The question here is whether Hall's sentence, marred as it was by fraud, "resulted from . . . clear error."

We have explained that the scope of "clear error" under Rule 35(a) is "extremely narrow." United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009). "Congress limited the reach of Rule 35(a) because it wanted to promote openness and finality in sentencing." Id. at 405. Accordingly, the Rule is limited to "cases in which an obvious error or mistake has occurred in the

sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." United States v. Ward, 171 F.3d 188, 191 (4th Cir. 1999) (quoting Fed. R. Crim. P. 35 advisory committee's 1991 note).

This court has not decided whether a fraud on the court constitutes "clear error." Here, we need not answer the question comprehensively. It is enough to say that Hall's forgery is not the type of fraud that we have held in similar circumstances warrants setting aside a final judgment.

Under Federal Rule of Civil Procedure 60(d)(3), a district court has the power to "set aside a judgment for fraud on the court." "Fraud on the court is . . . limited to the more egregious forms of subversion of the legal process . . . that we cannot necessarily expect to be exposed by the normal adversary process." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1357 (4th Cir. 1982). "Perjury and fabricated evidence," however, do not fall in this category; they "are evils that can and should be exposed" by an opposing party, "and the legal system encourages and expects litigants to root them out as early as possible." Id.; see also Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014) ("Fraud on the court [under Federal Rule of Civil Procedure 60(d)(3)] is not your 'garden-variety fraud.'" (quoting George P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir.

6

1995))).  Consequently, we do not permit these preventable frauds to override the finality of judgments.

What we have said about fraud on the court in the context of Rule 60(d)(3) is applicable in this case as well.  While it would sometimes be impractical for the government to test the authenticity of every letter of support submitted by a defendant during sentencing, the government had several reasons to test this letter.  First, after Hall lied during the plea hearing, the government was on notice that Hall was prepared to deceive the court.  Second, the sponsor was court ordered.  The sponsor's views were thus likely to be especially important to the district court.  Third, under the circumstances, the letter was suspicious on its face.  Though it purported to come from the owner of a contracting company, it was crudely handwritten on a plain sheet of paper without letterhead.  Finally, the letter was filed five days before the sentencing hearing, leaving the government adequate time to contact the sponsor.  Taken together, these facts demonstrate that the government could reasonably have discovered Hall's forgery.  We do not believe that "clear error" under Rule 35(a) encompasses this situation.

We are keenly aware that Hall's action strikes at the heart of the district court's truth-finding function, and it may be that in a case in which the government could not have reasonably

discovered the fraud, we would be compelled to reach a different conclusion. But this is not that case. Moreover, as the government notes in its brief, it is not left without remedies; the government may still pursue "a new felony prosecution for what defendant did during the proceedings in the district court." Appellee's Br. 35.

## III.

For the foregoing reasons, we hold that the district court lacked authority to vacate its original sentence. Accordingly, we vacate the district court's judgment and remand for Hall's original sentence to be reinstated.

VACATED AND REMANDED

8