**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6528**

———————

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

DAVID EDWARD ADAMS,

　　　　　　　Defendant – Appellee.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, District Judge.  (7:06-cr-00022-SGW-1)

———————

Submitted:  June 23, 2016　　　　　Decided:  June 29, 2016

———————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

David Edward Adams, Appellant Pro Se.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Edward Adams seeks to appeal his conviction and sentence. In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on December 21, 2006. Adams filed the notice of appeal on April 4, 2016, over 9 years after the expiration of both the 14-day period and the 30-day excusable neglect period. Because Adams failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeal.[1] Adams also moves to reintroduce his prior appeal from the denial of a sentence reduction under 18 U.S.C. § 3582(c) (2012), United States v. Adams, 615 F. App'x 828 (4th Cir. 2015) (No. 15-6912). We construe Adams' filing as a

---

[1] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Adams' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

2

motion to recall the mandate in that case, and deny this motion because Adams has not presented extraordinary circumstances warranting such relief.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] See Calderon v. Thompson, 523 U.S. 538, 549-50 (1998) (providing standard).  We note that the statutes cited by Adams as a basis for this motion have no relevance to this case.  See 28 U.S.C. § 1292 (2012) (governing interlocutory appeals); 28 U.S.C. § 2107 (2012) (setting deadline for civil appeals); see also United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("[Section] 3582 motions . . . are criminal in nature.").