**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7980**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANA LEE GRAY, a/k/a Mook,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson. J. Michelle Childs, District Judge. (8:12-cr-00949-JMC-12)

———————

Submitted: May 23, 2016        Decided: November 7, 2016

———————

Before DIAZ and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

Dana Lee Gray, Appellant Pro Se. Beth Drake, Acting United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Lee Gray appeals the district court's orders denying his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) (2012), and his motion for reconsideration.* We grant leave to proceed in forma pauperis, dismiss in part, and affirm in part.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and Rule 4(b)(1)(A) appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on September 1, 2015. Gray filed the notice of appeal, at the earliest, on December 14, 2015, after

---

* We construe Gray's notice of appeal as encompassing both the § 3582 dismissal order and the text order denying reconsideration. See Fed. R. App. P. 3(c)(1)(B); Jackson v. Lightsey, 775 F.3d 170, 176 (4th Cir. 2014) ("[W]e construe . . . [R]ule [3(c)] liberally and take a functional approach to compliance, asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue.").

2

the appeal and excusable neglect periods expired for the September 1 order. Consequently, Gray's appeal of the § 3582 order is untimely, and we dismiss this portion of the appeal.

As to the district court's order denying Gray's motion for reconsideration, in United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010), we held that a district court lacks authority to grant a motion to reconsider its ruling on a § 3582(c)(2) motion. Id. at 234. Under Goodwyn, Gray had only one opportunity to seek, through a § 3582(c)(2) motion, the benefit of Amendment 782. See id. at 235-36. Once the district court ruled on Gray's initial motion, it lacked authority to consider subsequent relief based on the same Amendment, either by way of a second § 3582 motion or a motion for reconsideration of the initial order. Thus, the district court lacked jurisdiction over the motion for reconsideration, and we affirm the district court's order denying that motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART