**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6788**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT DEMON TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:07-cr-01285-RBH-1)

Submitted:  July 28, 2020                                         Decided:  July 30, 2020

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, A. Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Demon Taylor appeals the district court's amended judgment in a criminal case imposing the same 180-month sentence but reducing Taylor's term of supervised release to 6 years. Taylor sought resentencing under the First Step Act (FSA) of 2018, Pub. L. No. 115-391, 132 Stat. 5194. He asserted that, pursuant to the rule announced in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (holding that defendant's prior North Carolina conviction may be a felony offense only if defendant was eligible for a sentence in excess of one year), his revised Sentencing Guidelines sentence should not be based on a career offender designation. Because we conclude that the court misconstrued the scope of its authority, we vacate the amended judgment and remand for resentencing.

In 2008, Taylor pled guilty pursuant to a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C), and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Government filed notice pursuant to 21 U.S.C. § 851, indicating that Taylor was eligible for an increased statutory sentence because he had two prior North Carolina felony drug convictions. As part of the plea agreement, Taylor agreed to a 15-year sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C). Taylor's Guidelines sentence was based on the finding that Taylor was a career offender due to two separate North Carolina convictions for possession with intent to sell or deliver cocaine.

2

As part of his FSA motion for resentencing, Taylor asserted that his Guidelines sentence should be revised to reflect that he was no longer a career offender, citing the rule announced in *Simmons*. Taylor also asserted that he was no longer subject to the statutory maximum 30-year sentence under 21 U.S.C. § 841(b)(1)(C) because he did not have a qualifying felony drug offense.

The district court determined that Taylor was convicted of a covered offense under the FSA and eligible for resentencing, but that it would not reconsider whether Taylor was a career offender or subject to an increased statutory maximum sentence. Accordingly, the court imposed the same 180-month term of imprisonment, but reduced Taylor's term of supervised release to 6 years.

The FSA "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) [(2018)] because it '*expressly* permits the court to' modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010)). We review the scope of the district court's authority under the First Step Act de novo. *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).

In *Chambers*, we concluded that the district court erred in deciding Chambers' motion under the FSA by continuing to consider Chambers a career offender. We noted that the rule announced in *Simmons* was retroactive. *Id*. at 673-74. We further noted that the 18 U.S.C. § 3553(a) (2018) sentencing factors apply when resentencing under the FSA, and that the court can consider the defendant's postsentencing conduct and vary from the Guidelines range. *Id*. at 674-75 ("There are generally no limitations on the types of

3

character and background information a court may consider for sentencing purposes."). Because the court did not believe it had the authority to vary from the Guidelines or consider mitigating evidence, we vacated the court's order and remanded for resentencing. The court was instructed to recalculate Chambers' Guidelines range without the career offender designation. *Id*. at 675.

Here, it appears that Taylor's career offender designation is no longer valid in light of the rule announced in *Simmons*, nor is Taylor eligible for an enhanced statutory sentence. However, the district court did not have the benefit of this court's opinion in *Chambers* when it resentenced Taylor. On remand, Taylor's Guidelines range should be recalculated without the career offender designation before the court imposes sentence. *See* 18 U.S.C. § 3553(a)(4) (instructing the court to consider the appropriate Guidelines sentencing range when imposing a sentence). Accordingly, we vacate the district court's amended judgment in a criminal case and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*