**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6377**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BRUCE GREGORY HARRISON, III,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:10-cr-00411-TDS-1)

Submitted:  November 18, 2021                    Decided:  December 13, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Bruce Gregory Harrison, III, Appellant Pro Se.  Gregory Victor Davis, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Gregory Harrison, III, seeks to appeal the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. The Government argues that Harrison's appeal is untimely and, therefore, must be dismissed.

In criminal cases, the defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i); *see United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("[Section] 3582 motions . . . are criminal in nature."). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *see United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered the order denying Harrison's motion for compassionate release on February 22, 2021. Harrison filed his notice of appeal on March 9, 2021, one day after the expiration of the appeal period.[1] Because Harrison failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government promptly invoked the time-bar, we dismiss his appeal as untimely.[2] *See* 4th Cir. R. 27(f)(2).

---

[1] For the purpose of this appeal, we assume that the date appearing on the postmark is the earliest date Harrison could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1)(A)(ii); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] We previously remanded this case to the district court for a determination of whether Harrison had shown excusable neglect or good cause warranting an extension of the appeal period. The district court determined that Harrison failed to establish excusable

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

neglect or good cause for the late filing of his notice of appeal, and we conclude that the district court did not abuse its discretion in so finding. *See United States v. Breit*, 754 F.2d 526, 528-29 (4th Cir. 1985) (stating standard).