# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

## No. 21-6489

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

PATRICK NATHAN BROXTON, a/k/a, Nique,

          Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:17-cr-00352-PX-1)

---

Submitted: February 24, 2022          Decided: February 28, 2022

---

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Charles Burnham, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. Erek L. Barron, United States Attorney, Baltimore, Maryland, Amy L. Schwartz, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Nathan Broxton filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the district court denied on October 16, 2020. Broxton subsequently filed an emergency motion for reconsideration and a supplemental motion for reconsideration of his motion for compassionate release. The court denied the motions. Broxton appeals the denial of these motions, arguing that the district court failed to consider his postconviction rehabilitation evidence. We affirm.

"[T]he Federal Rules of Civil Procedure do not apply to motions under § 3582," because § 3582 motions are "criminal in nature." *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010). And, there are no federal statutes or rules that authorize a motion for reconsideration in the criminal sentencing context. *See id.* at 235-36. We therefore conclude that the district court erred in construing Broxton's postjudgment motions as motions for reconsideration rather than renewed motions for compassionate release.

However, the error was not prejudicial because the district court did not abuse its discretion in denying relief. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (stating that a district court's denial of a compassionate release motion is reviewed for abuse of discretion), *cert. denied*, 142 S. Ct. 383 (2021). Broxton's motions failed to demonstrate sufficient change in his situation to warrant compassionate release, and the court sufficiently explained its reasons for the denial in light of its incorporation of its original findings on Broxton's initial compassionate release motion. *See United States v. High*, 997 F.3d 181, 188-91 (4th Cir. 2021) (discussing amount of explanation required for denial of compassionate release motion).

2

Accordingly, we affirm the district court's order.  We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED*